IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| APRIL T. ADEMILUYI, | * | |
| *Plaintiff-Appellant*, | * | |
| v. | * | No. 25-1601 |
| HON. ANNE K. ALBRIGHT, *et al.*, | * | |
| *Defendants-Appellees*. | * | |

* * * * * * * * * * * * * *

**MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

In accordance with Federal Rule of Appellate Procedure 27 and Local Rule 27(f), Appellees Hon. Sheila Tillerson Adams, Hon. DaNeeka V. Cotton, and Hon. Michael R. Pearson respectfully move to dismiss this appeal for lack of jurisdiction because the notice of appeal was not filed within 30 days after the district court's entry of final judgment.[1]

[1] Counsel for all parties have been notified of the intended filing of this motion. Counsel for Judge Albright has consented to the motion. Counsel for Ms. Ademiluyi opposes the motion and intends to file a response.

## BACKGROUND

**This Litigation**

On May 6, 2024, culminating a multi-layered disciplinary process, the Supreme Court of Maryland removed Appellant April T. Ademiluyi from judicial office for numerous professional conduct violations. *Matter of Ademiluyi*, 488 Md. 45, 109, 116, 123, 128-30 (2024).

While her disciplinary matters were still pending, Ms. Ademiluyi filed this lawsuit against Judges Adams, Cotton, and Pearson; Judge Anne K. Albright, the chair of the Commission on Judicial Disabilities; and the Commission itself. (Ex. 1 (docket entries); Ex. 2 ( ECF 11).) The lawsuit purported to allege wrongful conduct by the defendants in connection with the disciplinary proceedings. (Ex. 2.) Ms. Ademiluyi amended her complaint twice, including by dropping the Commission as a defendant, but unsuccessfully attempted to amend it a third time. (Ex. 1, at 3, 7.)

On March 10, 2025, the district court issued a memorandum opinion and accompanying order dismissing the suit in its entirety. (Ex. 1; Ex 3 (ECF 76); Ex. 4 (ECF 75).) On March 18, 2025, the court issued a corrected version of its memorandum opinion, modifying two citations to the Maryland Rules. (Ex. 5 (ECF 78).) On May 27, 2025, Ms. Ademiluyi filed a notice of appeal. (Ex. 1.)

**Ms. Ademiluyi's Separate *Andrews* Lawsuit**

While motions to dismiss this case were pending, Ms. Ademiluyi filed a separate lawsuit, *Ademiluyi v. Andrews*, raising tort claims against Carla Andrews, a deposition stenographer from Ms. Ademiluyi's disciplinary matters. (Ex. 6 (*Andrews* docket summary); Ex. 7 (*Andrews* ECF 1).) *Andrews* was deemed a related case and therefore was assigned to the same district court judge as this case.

On January 24, 2025, in response to the court's request for the parties' position on consolidating the two cases, Ms. Ademiluyi took no position and Ms. Andrews opposed consolidation. (Ex. 8 (*Andrews* ECF 11).) The two cases were not consolidated.

On January 30, 2025, Ms. Ademiluyi amended her complaint in *Andrews* to add claims against Judges Adams, Cotton, and Pearson. (Ex. 6.) Ms. Andrews filed a motion to dismiss, as did Judges Adams, Cotton, and Pearson. (Ex. 6.) Ms. Ademiluyi, for her part, never filed an opposition to either of the motions, arguing instead that she should have been permitted to amend her complaint a second time as of right. After twice ordering Ms. Ademiluyi to respond to the motions, and after warning her that failure to do so would result in dismissal, the district court dismissed *Andrews* on May 5, 2025. (Ex. 6.)

**Ms. Ademiluyi's Notices of Appeal**

On May 27, 2025, 78 days after the district court entered judgment against her, Ms. Ademiluyi filed a notice of appeal in this case. That same day, she also filed a notice of appeal in *Andrews*.[2] (Ex. 6.) Even though these were different cases, the two notices of appeal were identical, with each listing both case numbers.

## ARGUMENT

This appeal is untimely and must be dismissed for lack of jurisdiction. By statute, a notice of appeal must be filed within 30 days after entry of the judgment to be reviewed. 28 U.S.C. § 2107(a). Similarly, Federal Rule of Appellate Procedure 4 provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). As the Supreme Court has made clear, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007)

Here, the district court entered judgment for the defendants on March 10, 2025. (Ex. 3.) Ms. Ademiluyi therefore was required to file a notice of appeal within 30 days after that date, i.e., by April 9. Ms. Ademiluyi did not do so until May 27, though. (Ex. 1.) As a result, her appeal is untimely, this Court lacks jurisdiction,

[2] *Andrews* is currently pending in this Court as a related case, No. 25-1602.

and the appeal must be dismissed. *See, e.g.*, *Sharp Farms v. Speaks*, 917 F.3d 276, 289-90 (4th Cir. 2019) (dismissing untimely appeal as jurisdictionally barred).

That the district court in *Andrews* did not enter judgment until May 5, 2025 does not change this conclusion. *Andrews* and this case are different cases, despite their overlap in parties and subject matter and despite their pendency before the same judge. The order dismissing this case therefore was a final, appealable judgment that started Ms. Ademiluyi's appeal clock, not an unappealable interlocutory order. Ms. Ademiluyi's choice to wait and attempt to appeal this case and *Andrews* together did not revive an appeal right that had already expired.

Indeed, this appeal would be untimely even if the two cases had been consolidated. In *Hall v. Hall*, 584 U.S. 59, 64, the Supreme Court began with the proposition that, when two related cases are pending in the same court but have not been consolidated, there is "no question" that full resolution of one case is an immediately appealable final judgment that starts the losing party's appeal clock. The Court then held that the same is true even if the cases *have* been consolidated. *Id.* at 77-78; *see Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 290 (4th Cir. 2018) (applying *Hall* to hold that, where the district court had issued final decisions in only two of three consolidated cases, those decisions were immediately appealable final judgments); *Haynes v. World Wrestling Ent., Inc.*, 827 F. App'x 3, 9 (2d Cir. 2020) (applying *Hall* to hold that notices of appeal filed in earlier-decided

consolidated cases were untimely). *Hall* thus only underscores the irrelevance of *Andrews* to this appeal's timeliness.[3]

**CONCLUSION**

The appeal should be dismissed for lack of jurisdiction.

[3] The district court's March 18 corrected opinion does not affect this analysis. That opinion merely replaced two citations to one subtitle of the Maryland Rules with citations to a different subtitle and therefore did not change Ms. Ademiluyi's deadline to appeal. *See Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (explaining that "the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought" and that "[o]nly when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken . . . begin to run anew"). Although the March 18 opinion replicated the March 10 opinion's statement that "a separate Order will issue" (Ex. 5, at 18), that order had already issued, and it would have been nonsensical for the court to enter an order that *again* dismissed the complaint, directed the clerk to close the case, and directed that judgment be entered accordingly. (Ex. 3.) Consistent with all of this, Ms. Ademiluyi's docketing statement in this Court identifies March 10 as the date of the judgment or order she is appealing. (ECF 7-1, at 1.)

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kathryn Hummel

______________________________
KATHRYN HUMMEL
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
khummel@oag.state.md.us
(410) 576-6341

Attorneys for Defendants-Appellees
Hon. Sheila Tillerson Adams,
Hon. DaNeeka V. Cotton, and
Hon. Michael R. Pearson

**CERTIFICATE OF SERVICE**

I certify that, on this 17th day of June, 2025, the foregoing motion to dismiss appeal was filed electronically and served on counsel of record who are registered CM/ECF users.

/s/ Kathryn Hummel
_________________________
Kathryn Hummel