IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| APRIL T. ADEMILUYI, | * | |
| | * | |
| *Plaintiff-Appellant*, | | |
| v. | * | No. 25-1601 |
| | | |
| HON. ANNE K. ALBRIGHT, *et al.*, | * | |
| | | |
| *Defendants-Appellees*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL
FOR LACK OF JURISDICTION[1]**

Appellees Sheila Tillerson Adams, DaNeeka V. Cotton, and Michael R. Pearson respectfully submit this reply to Appellant April T. Ademiluyi's opposition to their motion to dismiss.  The opposition provides no reason to conclude that Ms. Ademiluyi's notice of appeal, filed 78 days after her case was dismissed, was timely.

First, Ms. Ademiluyi's statement that the two cases "started as one case that split into two cases," Opp. 2, is unfounded.  The procedural history is clear that the two cases were never a single case.  (ECF 15-2; ECF 15-7.)  That Ms. Ademiluyi may have filed *Andrews* in part because the district court denied her motion to amend *Albright* a third time does not change this fact.

---

[1] Appellees intend to respond separately to the pending motion to consolidate.

Second, Ms. Ademiluyi's statement that the dockets for the two cases "were combined which indicated that the cases were consolidated," Opp. 6, likewise is unfounded. Although the two cases were labeled as related and were assigned to the same judge, they were never consolidated, nor did Ms. Ademiluyi even ask that they be consolidated. (ECF 15-2; ECF 15-7.) That Ms. Ademiluyi herself elected to cross-file certain pleadings in both cases does not mean they were consolidated.

Third, much of the opposition has little relevance to the only issue presented by the motion to dismiss, i.e., whether the notice of appeal was timely. Instead, Ms. Ademiluyi argues that she should have been permitted to amend this case or *Andrews* to add extraordinary accusations against the defendants and the Attorney General. She provides no reason why the purportedly improper denials of leave to amend might transform this untimely appeal into a timely one. And while she claims that success in *Andrews* would have "moot[ed]" an appeal in this case, Opp. 9, she provides no support for the notion that a hypothetical result in *Andrews* (which the district court dismissed for failure to obey court orders and failure to prosecute) detracted from the finality of this case's dismissal.

## CONCLUSION

The motion to dismiss should be granted.

2

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kathryn Hummel

_____

KATHRYN HUMMEL
Assistant Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland  21202
khummel@oag.state.md.us
(410) 576-6341

Attorneys for Defendants-Appellees
Hon. Sheila Tillerson Adams,
Hon. DaNeeka V. Cotton, and
Hon. Michael R. Pearson

**CERTIFICATE OF SERVICE**

I certify that, on this 7th day of July, 2025, the foregoing reply was filed electronically and served on counsel of record who are registered CM/ECF users.


/s/ Kathryn Hummel
_____
Kathryn Hummel